# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JOSEPH COOKSEY,<br><br>Defendant. | Case No. 3:19-cr-00014-SLG-DMS |

**ORDER RE FINAL REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION**

Before the Court at Docket 19 is defendant Michael Joseph Cooksey's Motion to Suppress Identification. The government responded in opposition at Docket 29. The motion was referred to the Honorable Magistrate Judge Deborah M. Smith. Judge Smith held a hearing on the motion on June 11, 2019.[1] At Docket 55, Judge Smith issued her Initial Report and Recommendation, in which she recommended that the motion be granted. At Docket 57, the government sought clarification of the Initial Report and Recommendation, specifically as to whether any in-court identification of Mr. Cooksey could be made by William Shane during trial. Judge Smith treated this request for clarification as an objection to the Initial Report and Recommendation.[2] Judge Smith issued her Final Report and

---

[1] Docket 54 (transcript of hearing).

[2] Docket 60 at 2 n. 1, 13–14.

Recommendation at Docket 60, in which she recommended that the motion be granted, including any future in-court identification by the witness. The government objected to the Final Report and Recommendation at Docket 63.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[3] A court is to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[4] But as to those topics on which no objections are filed, "[n]either the Constitution nor [28 U.S.C. § 636(b)(1)] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[5]

Here, the government objected to a factual discrepancy: The Final Report and Recommendation states both that Mr. Cooksey spent "roughly an hour" at a witness's house and that Mr. Cooksey spent "roughly half an hour" at the witness's

---

[3] 28 U.S.C. § 636(b)(1).

[4] *Id.*

[5] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Case No. 3:19-cr-00014-SLG-DMS, *United States v. Cooksey*
Order Re Final Report and Recommendation to Grant Defendant's Motion to Suppress Identification
Page 2 of 6

house.⁶  Based on the transcript of the witness's testimony, the Court finds that Mr. Cooksey spent "[r]oughly about an hour" at the witness's house.⁷

The government also objected to "three factual omissions" from the Final Report and Recommendation: (1) the witness testified that he is near sighted and has difficulty seeing things at a distance, (2) the witness testified that he was able to see Mr. Cooksey at close range when he opened the door to him, and (3) the witness testified that he had not sold any other firearms to anyone.⁸  As to the first and third statements, that Final Report and Recommendation expressly addressed the fact that they were not included in the Initial Report and Recommendation, but found that consideration of those statements "do[es] not alter the totality of the circumstances so greatly as to change the [Magistrate] Court's conclusions."⁹  As to the second statement, the Final Report and Recommendation does not omit this testimony; it is expressly included in the Final Report and Recommendation.¹⁰  Upon review of the witness's testimony, the Court finds that he did testify to the three statements, but agrees with the Magistrate Judge that they do not alter this

---

⁶ Docket 63 at 2 (government's objection); Docket 60 at 5, 9.

⁷ Docket 54 at 74.

⁸ Docket 63 at 2.

⁹ Docket 60 at 13 n. 7, 13–14.

¹⁰ Docket 60 at 5 ("He said he saw Cooksey closely when he opened the door to him.").

Case No. 3:19-cr-00014-SLG-DMS, *United States v. Cooksey*
Order Re Final Report and Recommendation to Grant Defendant's Motion to Suppress Identification
Page 3 of 6

Court's conclusion that the witness's identification of Mr. Cooksey to Officer Haywood should be suppressed.[11]

The government does not intend to use the out-of-court identification at trial. However, the government objected to the suppression of future, in-court identification of Mr. Cooksey by the witness.[12] In doing so, the government objected to the weight the Magistrate Judge gave to certain factors in concluding that "the totality of the circumstances suggests that BBPD's identification procedures created a substantial likelihood of misidentification."[13] *Neil v. Biggers* lists five factors to be considered in determining whether unnecessarily suggestive identification procedures created a "substantial likelihood of misidentification": (1) the witness's opportunity to view the suspect at the time of the crime, (2), the witness's degree of attention, (3) the accuracy of the witness's prior description of the suspect, (4) the witness's level of certainty as to the identification, and (5) the length of time between the crime and the confrontation.[14]

Here, the government asserts that the Magistrate Judge's decision that "the most significant factor 'is the lack of a prior description by [the witness]' does not constitute a proper analysis of the 'totality of the circumstances' to determine

---

[11] Docket 54 at 74, 75, 88.

[12] Docket 63 at 7.

[13] Docket 63 at 4–6 (government's objections); Docket 60 at 13.

[14] 409 U.S. 188, 199–200 (1972).

Case No. 3:19-cr-00014-SLG-DMS, *United States v. Cooksey*
Order Re Final Report and Recommendation to Grant Defendant's Motion to Suppress Identification
Page 4 of 6

whether the identification is sufficiently reliable."[15]  The government contends that "case law does not indicate how much weight to provide" to each of the factors set forth in *Neil v. Biggers.*[16]  The Court finds that the Magistrate Judge properly analyzed the *Biggers* factors with respect to the out-of-court identification.  *Biggers* states that the central question requires a consideration of the totality of the circumstances.[17]  In considering the totality of the circumstances, it was not improper for the Magistrate Judge to weigh the lack of any prior description of Mr. Cooksey by the witness.  Because "the *Biggers* factors assume that a witness has made a description in the first place," the Magistrate Judge correctly noted that the lack of any prior description by the witness was "significant."[18]

The Magistrate Judge recommended that the Court grant the Motion to Suppress Identification.  The Court has reviewed the Final Report and Recommendation and agrees with its analysis with respect to the out-of-court identification. Accordingly, the Court adopts the Final Report and Recommendation at Docket 60, and IT IS ORDERED that the Motion to Suppress Identification at Docket 19 is granted.  However, with respect to any future in-court identification, the motion is granted without prejudice to the government to make a

---

[15] Docket 63 at 6 (quoting Docket 60 at 12).

[16] Docket 63 at 6.

[17] 409 U.S. at 199.

[18] Docket 60 at 12.

Case No. 3:19-cr-00014-SLG-DMS, *United States v. Cooksey*
Order Re Final Report and Recommendation to Grant Defendant's Motion to Suppress Identification
Page 5 of 6

showing outside the presence of the jury as to witness William Shane's ability to make a reliable and untainted in-court identification of Mr. Cooksey pursuant to the factors set forth in *Biggers*.

DATED this 2nd day of October, 2019, at Anchorage, Alaska.

                                              */s/ Sharon L. Gleason*
                                              UNITED STATES DISTRICT JUDGE

Case No. 3:19-cr-00014-SLG-DMS, *United States v. Cooksey*
Order Re Final Report and Recommendation to Grant Defendant's Motion to Suppress Identification
Page 6 of 6